IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JUAN FERNANDO DELGADILLO-LARA,

Petitioner,

vs.

WARDEN, McCook Detention Center, et al.,

Respondents.

8:26-CV-465

MEMORANDUM AND ORDER CONDITIONALLY GRANTING WRIT OF HABEAS CORPUS

The petitioner is a noncitizen currently detained by U.S. Immigration and Customs Enforcement in the McCook Detention Center in McCook, Nebraska. Filing 1. He seeks a writ of habeas corpus under 28 U.S.C. § 2241, asserting that his detention is unlawful. Filing 1. The Court agrees, and will conditionally grant the petition.

The petitioner is a citizen of Mexico who entered the United States at an unknown time and place. Filing 9 at 3. In March 2018, he was encountered by ICE in Polk County, Iowa and detained and placed in removal proceedings. Filing 9 at 3; filing 9-1. He was released from custody by an immigration judge on $6,000 bond. Filing 9 at 4; filing 9-4. On May 3, 2026, he was again encountered by ICE in the Polk County jail after he was charged with OWI. Filing 9 at 4. He was released to ICE custody on May 5. Filing 9 at 4. His immigration bond was cancelled. Filing 9-7. On July 15, an immigration judge denied his application for cancellation of removal and ordered him removed to Mexico. Filing 9 at 5; filing 9-7. He appealed and the appeal remains pending. Filing 9 at 5; filing 9-9. He was convicted of OWI in Polk County and sentenced to a fine and an 88 day suspended sentence. Filing 9 at 5.

Because the petitioner was on conditional parole pursuant to 8 U.S.C. § 1226(a)(2)(B) when he was detained, the Court will conditionally grant the petition for the reasons articulated by the undersigned in *Dos Santos Silva v. Warden, Lincoln County Detention Center*, No. 8:26-cv-131, 2026 WL 926725 (D. Neb. Apr. 6, 2026).

IT IS ORDERED:

1. The Petition for Writ of Habeas Corpus (filing 1) is conditionally granted.

2. The government shall provide the petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) and the corresponding regulations **on or before September 4, 2026**.

3. If the government does not provide the petitioner with a bond hearing as required, the petitioner must be immediately released from detention.

4. **On or before September 9, 2026**, the government shall provide the Court with a status update regarding the bond hearing or, if no bond hearing was held, advise the Court regarding the petitioner's release.

Dated this 28th day of August, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge